UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TA'LIB DEEN (aka) ANDRE LAMONT BATTEN,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATE WARDEN S. R. ALBRITTON, et al.,<br><br>Defendants. | Case No. 15-cv-06320-DMR (PR)<br><br>**ORDER OF SERVICE** |

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials at SQSP have refused to provide him the opportunity to pray five times daily at specified times as part of his Muslim religious beliefs, in violation of his constitutional rights.

Plaintiff has consented to magistrate judge jurisdiction. Dkt. 1 at 4. Therefore, this matter has been assigned to the undersigned Magistrate Judge.

In his complaint, Plaintiff names the following Defendants at SQSP: Associate Warden S.R. Albritton and Correctional Lt. R. Kluger. Plaintiff seeks injunctive relief and monetary damages.

His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at SQSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

For the reasons stated below, the court orders service upon Defendants, and directs all Defendants to file a dispositive motion or notice regarding such motion.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

As mentioned above, Plaintiff is a practicing Muslim incarcerated at SQSP. As part of his religious beliefs, Plaintiff must pray five times daily at specified times: specifically at Zhur (noon) and Asr (afternoon) prayer during "opening dayroom" when all prisoners are allowed to participate in recreational activities. By doing so, Plaintiff believes that he will receive between 25-27 times more blessings during a congregational prayer than during individual prayer.

Sometime prior to or around 2013, SQSP staff had imposed a rule prohibiting SQSP Muslim inmates from offering congregational prayer in groups of more than four inmates at a time. Initially, beginning on or about September 22, 2013, Muslim prisoners on the West Block at SQSP were not permitted to engage in congregational prayer groups with more than four Muslim prisoners during "open dayroom" even though a group of about 25 Christian prisoners was simultaneously offering a congregational prayer and was not interrupted by correctional staff. Plaintiff and other Muslim prisoners filed a group administrative grievance, complaining that they were being discriminated against based on their religion. At the third level of review, Plaintiff's appeal was granted, and the complaint was referred to the Religious Review Committee. On May

14, 2014, the Religious Review Committee decided to allow Muslim prisoners at SQSP to participate in congregational prayer of no more than 15 prisoners during "open dayroom."

However, on November 17, 2014, Defendants Albritton and Kluger ordered Plaintiff to discontinue offering congregational Zhur and Asr prayer during open dayroom. Plaintiff was told that he could offer one congregational prayer per day during "open dayroom" between 7:30 p.m. and 9:00 p.m. Plaintiff filed an administrative group appeal the next day against Defendants. At the third level of review, Plaintiff's appeal was granted, and the warden was ordered to have another Religious Review Committee to modify the May 14, 2014 order in order offer congregational prayer five times a day, especially during "open dayroom."

In the underlying federal complaint, Plaintiff alleges that Defendants have refused to comply with this third level of review directive, and prison officials have not conducted a Religious Review Committee meeting. Plaintiff also alleges that Muslim prisoners are currently not allowed to meet in groups of five or more for congregational prayer groups while Christians and Jewish prisoners are permitted to meet for congregational prayer as often as they want during "open dayroom."

Liberally construed, Plaintiff has stated cognizable claims that Defendants violated the following: First Amendment Free Exercise Clause, First Amendment Establishment Clause, First Amendment right against retaliation, Fourteenth Amendment right to equal protection, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

### III. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff's complaint states multiple cognizable claims, including that Defendants Albritton and Kluger violated the following: First Amendment Free Exercise Clause, First Amendment Establishment Clause, First Amendment right against retaliation, Fourteenth Amendment right to equal protection, and RLUIPA.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of

this Order to the following Defendants: **Associate Warden S.R. Albritton and Correctional Lt. R. Kluger at SQSP.**

The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later. **Defendants shall also respond to the Notice of Assignment of Prisoner Case to a United States Magistrate Judge for Trial by filing a consent/declination form on the date the Answer is due.**

4. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

  a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

      c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and

1   motions for summary judgment.  *Woods*, 684 F.3d at 935.)

2           d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the
3   date Plaintiff's opposition is filed.

4           e.      The motion shall be deemed submitted as of the date the reply brief is due.
5   No hearing will be held on the motion unless the court so orders at a later date.

6       5.    Discovery may be taken in this action in accordance with the Federal Rules of Civil
7   Procedure.  Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose
8   Plaintiff and any other necessary witnesses confined in prison.

9       6.    All communications by Plaintiff with the court must be served on Defendants or
10  their counsel, once counsel has been designated, by mailing a true copy of the document to them.

11      7.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
12  informed of any change of address and must comply with the court's orders in a timely fashion.
13  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
14  while an action is pending must promptly file a notice of change of address specifying the new
15  address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail
16  directed to the *pro se* party by the court has been returned to the court as not deliverable, and
17  (2) the court fails to receive within sixty days of this return a written communication from the *pro*
18  *se* party indicating a current address.  *See* L.R. 3-11(b).

19      8.    Upon a showing of good cause, requests for a reasonable extension of time will be
20  granted provided they are filed on or before the deadline they seek to extend.

21  IT IS SO ORDERED.

22  Dated: July 6, 2016



_____
DONNA M. RYU
United States Magistrate Judge